IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No: 3:19-CR-606-L |
| | § | |
| JOHN RUTLEDGE | § | |

## AMENDED CRIMINAL TRIAL SCHEDULING ORDER

On April 22, 2020, Chief Judge Barbara M.G. Lynn issued Special Order No. 13-11 ("Order"). The Order continued the trial dates of all jury trials that were scheduled between May 1, 2020, through May 31, 2020, because of the COVID-19 Pandemic ("Pandemic"), to a date to be reset by each presiding judge. The Order is incorporated herein by reference as if repeated verbatim.

Although the Pandemic still exists and there has not been a decline or downward trajectory of COVID-19 positive cases for a 14-day consecutive period, as recommended by the Centers for Disease Control in Dallas County─the county from which the vast majority of jurors will be selected to serve as jurors in trials in the Dallas Division of the Northern District of Texas─there has been enough of a decline or downward trajectory of positive COVID-19 cases for the court to consider setting future jury trials later this year. A few jury trials have recently taken place in the Dallas Division, and the court is aware of no attendee or trial participant in any of the cases contracting COVID-19. For this reason and the court's safety procedures (use of masks, social distancing, installation of shields, temperature checks, availability of ample hand sanitizer, and use of multiple courtrooms to conduct the jury trial), it believes that this case can be set for trial later this year.

Although Chief Judge Lynn's Order only extended the trial dates of jury cases set between May 1, 2020, through May 31, 2020, the court determines in the interest of justice that it will revive pretrial deadlines that expired before the issuance of the Order. Accordingly, the court **resets** this case as follows for trial on **December 14, 2020, at 9:00 a.m.**

**Motion Deadline**: October 16, 2020, at 4:00 p.m.

**Motion Response Deadline**: October 30, 2020, at 4:00 p.m.

**Replies:  No replies to any motion may be filed without leave of court.**

**Trial Setting**: Monday, December 14, 2020, at 9:00 a.m.

**Counsel and their staffs are directed to read this order before contacting the court for information. This order contains basic information that addresses many of the inquiries received by the court. Questions concerning this order may be addressed to the courtroom deputy (214) 753-2368.**

**The court's response-to-motion deadline is the date listed only if the motion is filed on the motion deadline; otherwise, the response should be filed in accordance with the court's Local Rules of Criminal Procedure.**

Application of Rules

1.  The parties shall comply with the Federal Rules of Criminal Procedure and the local criminal rules of this court. If the court, by order entered in this case, has modified the application of a Federal Rule of Criminal Procedure or a local criminal rule, the court's order governs.

Pretrial Motions and Plea Papers

2.  Pursuant to Fed. R. Crim. P. 12(c), all pretrial motions, notices, requests, and demands shall be filed no later than the motion deadline set forth above. Motion practice is governed by LCrR 47.1 and 47.2. The court will not conduct a hearing on a motion unless a hearing is required by law or by rule.

3.  Motions in limine must not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party *and* (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Motions in limine must include neither "standard" or "boilerplate" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion. Motions in limine must be filed at least **21 days** before the trial setting unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motion deadline. If that narrow requirement is met, a motion in limine may be filed after the motion deadline, but it must include as the first section of the motion a detailed explanation of why counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motion deadline.

4.  Plea agreements and factual resumes must be submitted to the court by **12:00 p.m. on Wednesday before the criminal docket or the trial setting**. If these documents are not submitted by this deadline, the case will not be on the court's docket.

Trial Setting, Continuances, and Pretrial Conference

5.  This case is set for trial on the date set forth above. When the term "trial setting" is used in this order, it means that date.

6.  If the trial setting is continued, the parties' obligations to comply with unexpired deadlines governed by the date of the trial setting are extended so that they are governed by the date

      of the new trial setting.  Unless the court orders otherwise, the continuance of a trial setting does not extend the motion deadline or any expired deadlines.

7. If the court determines that a pretrial conference should be conducted before the date of the trial setting, it will notify counsel; otherwise, the court will conduct a pretrial conference on the date of the trial setting, prior to jury selection.

8. Counsel are to be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel must complete plea negotiations prior to the date scheduled for trial.  Additionally, counsel for the defendant **must** ensure that the defendant has appropriate court attire to wear on the day of trial.  If a defendant is incarcerated, defense counsel **must** ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service Office shortly after the defendant arrives at the courthouse.

9. When a case is continued, a party **may not** file additional motions unless leave of the court is granted to do so, or the amended scheduling order sets a new date for the filing of motions.

10. ***Any person appearing in court must be properly attired.  It is counsel's duty to ensure that all persons appearing on behalf of or in connection with their client are appropriately attired and informed of this court rule.  The court does not permit T-shirts, shorts of any kind, flip-flops, halter or tank tops, jogging or exercise attire, or sagging pants or jeans to be worn in the courtroom by any person.  No person appearing in the courtroom, whether participant or spectator, may chew gum.  Persons in violation of these rules will not be permitted in the courtroom.***

Trial Materials and Pretrial Disclosures

11. The parties must comply with LCrR 16.1(a) at least **21 days** before the trial setting.  The parties must comply with LCrR 16.1(b) at least **21 days** before the trial setting.

12. Witness lists and exhibit lists must be prepared as separate documents.  Exhibit lists must contain a brief description (*e.g.*, lab report) of each exhibit, and must separately list each exhibit by the number that will be used at trial.  Witness lists must separately list each witness and must separately identify expert witnesses.

13. Any exhibit that a party seeks to introduce must be properly marked, and copies of any such exhibit must be available to opposing counsel and the court.  The original shall be provided to the court reporter.  The court reporter will not mark exhibits for counsel, and the court will not permit the removal of attachments of one document to be used as exhibits during the course of a trial and other proceeding.  If this procedure is not followed, the document will not be admitted into evidence.

14. Counsel must submit proposed voir dire questions, if any, at least **21 days** before the trial setting. The court will conduct the principal voir dire. Unless counsel are otherwise notified, the court will permit one attorney per side to ask follow-up questions (a time limit of twenty minutes is usually imposed).

15. Objections to a party's exhibits must be specific and filed at least **14 days** before the trial setting. Any response to a party's objections must be filed at least **seven days** before the trial setting. Further, **the parties must meet, confer, and provide to the court in writing at least seven days prior to the trial setting, a list of all exhibits to which no objection is made as to admissibility**

16. Counsel must submit requested jury instructions, in accordance with LCrR 30.1, at least **21 days** before the trial setting.

17. The Government must inform the defense of the general nature of any evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) at least **21 days** before the trial setting.

## Presentation of Evidence

18. Unless leave of court is obtained, the court will limit the examination of each witness to direct examination, cross-examination, redirect examination, and recross-examination. In cases where the court deems it appropriate, the court will impose time limits on the presentation of evidence.

19. The court permits the use of summary witnesses to summarize voluminous writings, recordings, or photographs, as permitted by Fed. R. Evid. 1006. Except in extraordinary cases—such as those that are unusually complex or lengthy—the court does not permit witnesses to summarize non-documentary evidence or to summarize the evidence that a party contends relates to particular counts charged in the indictment or to its theories of the case.

## Trial Schedule and Conduct of Counsel

20. The court's normal working hours during trial are **9:00 a.m. to 6:00 p.m., Monday through Friday**. The court, however, usually reserves Monday afternoons for its biweekly criminal docket.

21. The conduct of counsel at trial is governed by LCrR 57.4. Unless counsel are already familiar with the content of this rule, they must read it prior to commencement of the trial.

**It is so ordered** this 25th day of September, 2020.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge